UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In re:

**Joshua Paul Manuel Norris**
**Candi Nichole Norris**

Debtor.

Case No: 14-06482-RLM-12

# Motion In Aid Of Chapter 12 Plan For The Sale Of Personal Property Free And Clear Of All Liens, Claims, Interests, Charges And Encumbrances

In support of the above-entitled Motion (the "Motion"), Joshua Paul Manuel Norris and Candi Nichole Norris, the debtors and debtors-in-possession (the "Debtors"), by counsel and in support of this Motion, states as follows:

**I. GENERAL BACKGROUND**

1. The Debtors filed their petition for relief under Title 11, Chapter 12 of the United States Code (the "Bankruptcy Code") on July 11, 2014 (the "Petition Date"). Since the Petition Date, the Debtors have continued in the possession of their property pursuant to § 1203 of the Bankruptcy Code, codified at 11 U.S.C. §101, et seq. (the "Code"), and are debtors-in-possession. A creditors committee has not been appointed in this case.

2. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2). The statutory bases for the relief sought herein are §§ 105 and 363 of the Code and Rules 2002, 6004, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Rules") and Local Rule B-6004-1.

3. The Debtors have filed a Chapter 12 Plan (the "Plan") in this matter. The Plan was filed timely on October 9, 2014.

4. Pursuant to the Plan, the Debtors proposed selling assets to help fund payments due under the Plan which will play all creditors in full. A contested confirmation hearing has now been set for January 28, 2015; however, agreement has already been reached with all objecting parties except First Merchant's Bank, which

1

the sole objecting party remaining. The Debtors desire to sell assets now, rather than wait for the confirmation hearing. As part of the status conference and report to Court on December 5, 2014 in this matter, the parties present with liens on the property the Debtors propose to sell were in general agreement to file this motion to expedite the process, which the Court indicated could be done on seven days notice. The parties did not waive any rights to object this motion or the procedures outlined herein.

## II. THE PERSONAL PROPERTY ASSETS BEING SOLD AND THE METHOD OF SALE

5. In their Plan, the Debtors propose to sell the following assets (the "Personal Property"), which are listed with the appraised values along side of the secured creditors which the Debtors believe have liens on the assets (and if there are more than one secured creditor, the lien priorities and amounts):

    5.1. Quad, $131,600—CNH (first lien); First Merchant's Bank (second lien);

    5.2. Cultivator, $30,000—First Merchant's Bank;

    5.3. Sprayer—John Deere (first lien), $20,000; First Merchant's Bank (second lien); and

    5.4. 1997 Freightliner Semi, $20,000—no liens.

6. The Debtors propose to sell the tangible Personal Property by themselves directly, and failing that through a broker on auctiontime.com because the Debtors believe it will yield the highest price and is the best way to liquidate the Personal Property for the highest value. The broker selected by the Debtors is an individual, Richard Mort/Heartland Auctions (the "Broker"). The Debtors cannot list items directly on auctiontime.com because they are not "registered users" which you have to be to list items. They are using Broker solely for the reason that Broker is a registered user on auctiontime.com. The Broker is being paid a 4% commission for any sale; however, at no time will the Broker hold any received proceeds. Rather, such proceeds shall be passed directly to the Chapter 12 trustee to hold until such time as the check clears, at which point the Chapter 12 shall transmit the 4% commission to the Broker. An application to employ Broker is being filed simultaneously herewith.

7. The Debtors shall gain consent of the applicable secured party if the offer on any item of Personal Property the Debtors try and sell directly is less than the above-listed appraised value. In respect of listing an item on auctiontime.com, the Debtors shall gain consent of the secured parties for the initial listing amount if it is lower than the above-listed appraised amount. Similar to ebay.com, an auction on auctiontime.com can be done without reserve; however, the seller can control the initial bid amount by the initial listing amount. Once agreement has been reached on the listed amount—if it is lower than the apprised amount—the Debtors shall be free to accept any offer received so long as it is higher than the appraised amount.

8. A report of sale will be filed with the Court after the sale closes.

### III. AUTHORITY AND REQUEST TO TRANSFER FREE AND CLEAR

9. The Personal Property is property of the estate, pursuant to §541 of the Code.

10. Section 363(b)(1) of the Code provides that a debtor, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." Section 105(a) of the Code provides in relevant part that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." A sale of the Property should be authorized pursuant to section 363 of the Code if a sound business reason exists for doing so. See e.g., *Meyers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) (citing *Fulton State Bank v. Schipper (In re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1991)); *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143 (3d Cir. 1986). Section 1206 also provides that:

> [a]fter notice and a hearing, in addition to the authorization contained in sec ion 363(f), the trustee in a case under this chapter may sell property under section 363(b) and (c) free and clear of any interest in such property . . except that the proceeds of such sale shall be subject to such interest.

11. Pursuant to §1203 the Debtors are the "trustees" in the above provision of §1206 because they are debtors-in possession. Accordingly, they have the full power and authority, subject to this Court's approval to sell the Personal Property.

12. The Debtors have concluded that a sale of the Personal Property represents the best manner in which to maximize the value of the Personal Property and, consequently, the value of the Debtors' estate and the pecuniary recovery of its creditors. As stated above, neither the creditors nor the Debtors would benefit from waiting any further to liquidate the Personal Property to pay claims. If the Debtors can market and sell the Personal Property now, it can be ready for distribution sooner for payments of claim called for under the plan as soon as possible on or after the continued confirmation hearing on January 28, 2015.

13. A sale must be conducted in good faith and should provide a benefit to the estate and its creditors and not the insiders of the debtor. See *In re Abbotts Dairies, Inc.*, 788 F.2d 143, 147-50 (3rd Cir. 1986).

14. As stated extensively above, the Sale provides benefits to virtually the entire estate and its creditors and parties in interest.

15. Section 363(f) of the Code provides:

> [t]he debtor may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –
> (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest;
> (2) such entity consents;
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> (4) such interest is in a bona fide dispute; or

3

>    (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

16. Section 363(f) of the Code is drafted in the disjunctive; thus, satisfaction of any of the requirements enumerated therein will suffice to warrant the Debtors' sale of the Personal Property free and clear of all Interests. See *Citicorp Homeowners Services, Inc. v. Elliot*, 94 B.R. 343, 345 (E.D. Pa. 1988).

17. The Debtors submit that they satisfy at least one of the five conditions of §363(f) of the Code.

18. The Debtors accordingly request that the Personal Property be transferred to the Buyers (the "Buyers") free and clear all liens, mortgages, claims (including but not limited to, any statutory or common law successor liability or pierce the veil claims), interests, encumbrances, and charges (the "Interests") such Interests to attach to the proceeds of the sale of the Personal Property. Unless the Personal Property can be sold free and clear of the Interests, the Debtors firmly believe no one will be willing to buy the Personal Property for fear of an Interest attaching to an item purchased.

19. Pursuant to Bankruptcy Rule 6004(h), an order authorizing the sale, use or lease of property is stayed for 14 days after the entry of the order, unless a court orders otherwise. Debtors request that the Court waive the 14 day stay provided for in Bankruptcy Rule 6004(h).

20. The Debtors submit that the sale of the Personal Property pursuant to the terms of this Motion will provide the estate with fair and reasonable consideration. The Debtors submit that sales will be negotiated at arms-length and in good faith, and thus the Buyers are entitled to the protection of §363(m) of the Code. Accordingly, the Debtors request that the Court make a finding that the Buyers are entitled to the protections of §363(m) of the Code. The Debtors believe that a sale of the Personal Property on the terms and conditions herein is in the best interests of the Debtors' estate.

### REQUEST FOR RELIEF

The Debtors respectfully request that this Court grant all just and proper relief in the premises on this Motion.

Respectfully submitted,

TUCKER HESTER
BAKER & KREBS, LLC

*/s/ Jeffrey M. Hester*
Jeffrey M. Hester
Suite 1600
One Indiana Square
Indianapolis, IN 46204
jhester@thbklaw.com
317.608.1129 *direct*
317.833.3031 *fax*

## Certificate Of Service

I hereby certify that on December 30, 2014, a copy of the foregoing *Motion In Aid Of Chapter 12 Plan For The Sale Of Personal Property Free And Clear Of All Liens, Claims, Interests, Charges And Encumbrances* was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

- **Joseph M. Black** jmbecf@trustee13.com, jmbecf@cinergymetro.net
- **James E. Carlberg** jcarlberg@boselaw.com, mwakefield@boselaw.com
- **Jay P. Kennedy** jpk@kgrlaw.com, tfroelich@kgrlaw.com ads@kgrlaw.com, jli@kgrlaw.com
- **Harley K. Means** hkm@kgrlaw.com, kmw@kgrlaw.com, ads@kgrlaw.com
- **Weston Erick Overturf** woverturf@boselaw.com, rmurphy@boselaw.com, mwakefield@boselaw.com
- **Howard B. Sandler** sandler@carsonboxerberger.com, winchester@carson-boxberger.com
- **U.S. Trustee** ustpregion10.in.ecf@usdoj.gov
- **Phil Gregg** epgregg@ewelchlaw.com
- **Karen Lobring** lobring@msn.com
- **Rhonda S. Miller** RMiller@bgdlegal.com
- **Scott R. Leisz** sleisz@bgdlegal.com

/s/ *Jeffrey M. Hester*
Jeffrey M. Hester